UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO JIMENEZ-VEGA,<br><br>                                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                Respondent. | Criminal Case No.: 19cr4186-JAH-1<br>Civil Case No.: 20cv00531-JAH<br><br>**ORDER DISMISSING MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**<br><br>**[Doc. No. 78]** |

On March 5, 2020, Petitioner Antonio Jimenez-Vega ("Petitioner") filed Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. *See* Doc. No. 78. Petitioner pled guilty to transportation of an alien into the United States without authorization in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and was sentenced to a prison term of 36 months. *See* Doc. Nos. 40, 72.

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, a court must dismiss a § 2255 Motion if it plainly appears the moving party is not entitled to relief, or else order the Government to Respond. In Petitioner's Motion he raises no grounds for modifying his sentence whatsoever. *See* Doc. No. 78. In fact, Petitioner provides no more than case identifying information and a bare statement that he is seeking to collaterally attack his conviction. *Id.* Furthermore, Petitioner waived his right to appeal or collaterally attack his judgment and sentence when he pled guilty. *See* Doc. No. 40.

A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence pursuant to 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a section 2255 petition. *See, e.g.*, *United States of America v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering a plea agreement whereby defendant waived right to appeal his sentence, defendant relinquished right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence).

The scope of a section 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement or violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Additionally, a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing section 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of the waiver. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005); *Abarca*, 985 F.2d at 1014; *see also*, *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992).

In pleading guilty, Petitioner reserved only 1) the right to appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing and, 2) the right to collaterally attack his conviction or sentence on the basis that he received ineffective assistance of counsel. *See* Doc. No. 40. However, in seeking to collaterally attack his conviction and sentence, Petitioner does not claim he received ineffective assistance of counsel. Neither does Petitioner assert this Court failed to satisfy the requirements under Federal Rule of Criminal Procedure 11 to ensure Petitioner knowingly and voluntarily waived his right to collaterally attack his judgment and sentence. Nor does Petitioner claim his sentence was not in accordance with the negotiated plea agreement or that his sentence violates the law. In sum, Petitioner fails to assert that

his waiver was not knowing or voluntary, because his motion fails to make any claim whatsoever.

Since the instant section 2255 motion is a collateral attack on Petitioner's conviction and sentence, it falls within the parameters of Petitioner's waiver and must be dismissed. Furthermore, because the motion is meritless on its face, the Court has not ordered the Government to respond to the petition. USC Sec. 2255 Proc R 4(b).

Accordingly, **IT IS HEREBY ORDERED**, Petitioner's Motion is **DISMISSED** pursuant to Rule 4(b), Rules Governing § 2255 Proceedings for the United States District Courts. The Clerk of Court shall send a copy of this Order to Defendant at the address on file.

**IT IS SO ORDERED.**

DATED: May 14, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE